**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| ALEX RAY COTA,<br><br>      Plaintiff,<br><br>  v.<br><br>J. Anderson et al.,<br><br>      Defendants. | Case No. 2:04-CV-1048 TC<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR INJUNCTION AND GRANTING APPOINTED COUNSEL** |

Plaintiff, Alex Ray Cota, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (2007). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 *id.* 1915. This case is now before the Court on Plaintiff's motion for an injunction compelling the Utah Department of Corrections to provide certain medical treatment. Also before the Court is Plaintiff's motion for additional time to respond to Defendant's *Martinez* report.

### ANALYSIS

#### I. Procedural History

Plaintiff filed this suit on December 2, 2004, alleging that Utah Adult Probation and Parole ("AP&P") officers injured Plaintiff's surgically repaired leg while transporting him from

California to Utah.  Plaintiff also alleged that Utah State Prison ("prison") officials failed to provide adequate medical treatment for Plaintiff's leg-injury following his transfer to the prison.  On February 14, 2007, the United States Marshals Service served a copy of Plaintiff's Complaint upon AP&P officer James Anderson, who timely filed an answer.  Plaintiff later filed an Amended Complaint naming Richard Garden, a physician at the prison.  Garden was served on March 27, 2007, and has moved for dismissal on the ground that he is not affirmatively linked to any injury alleged by Plaintiff.  On August 2, 2007, the Court ordered Defendants to prepare a *Martinez* report addressing Plaintiff's allegations.[1]  Defendants filed their report on October 15, 2007, making Plaintiff's response due on November 15, 2007.  On October 24, 2007, Plaintiff filed the present motion for injunctive relief stating that he is unable to prepare a response to Defendants' *Martinez* report because his medical condition has significantly worsened and he is currently awaiting surgery.

---

[1] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the Tenth Circuit approved the practice of the district court ordering prison administrators to prepare a report to be included in the pleadings in cases where a prisoner has filed suit alleging a constitutional violation by prison officials.

## II. Motion for Injunctive Relief

### A. Background

Plaintiff moves for an injunction requiring prison officials to arrange for surgical amputation of Plaintiff's injured leg below the knee, and to provide necessary followup care. Plaintiff states that during the pendency of this litigation he was released on parole but was returned to prison on August 20, 2007, due to a parole violation. Upon his return Plaintiff was treated in the prison infirmary for a severe infection in the bones of his left leg. Plaintiff was later sent to the University of Utah hospital where he was seen by a plastic surgeon, Dr. Rockwell. According to Plaintiff, Dr. Rockwell recommended that Plaintiff's leg be amputated below the knee. Plaintiff asserts that prison officials are refusing to provide the amputation and, instead, are merely stabilizing Plaintiff until he can be paroled again. Plaintiff states that he currently has a scheduled parole date of December 12, 2007. Plaintiff contends that delaying the amputation could result in his leg having to be amputated above the knee, significantly worsening his prognosis.

Defendant Garden has responded to Plaintiff's motion with a sworn declaration and copies of Plaintiff's medical records showing that Plaintiff is being provided adequate medical care.

Garden denies Plaintiff's assertion that Dr. Rockwell recommended Plaintiff's leg be amputated.  To the contrary, Garden asserts that Dr. Rockwell recommended Plaintiff undergo surgical debridement, but Plaintiff declined that procedure because he preferred to have his leg amputated.  According to Garden, Dr. Rockwell merely noted Plaintiff's preference for amputation before referring Plaintiff to the University of Utah Orthopedic Clinic for further evaluation.  Plaintiff was seen by Dr. Severson at the Orthopedic Clinic on October 29, 2007.  Dr. Severson also noted Plaintiff's preference for amputation but withheld a treatment recommendation until he could consult with a foot-and-ankle specialist.  Garden states that as of November 2, 2007, a final decision had not been reached regarding Plaintiff's treatment.  However, Garden states that he intends to support whatever treatment protocol is recommended by the Orthopedic Clinic and that Plaintiff will be scheduled for surgery in the near future.

### B. Legal Standard

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally establishes its necessity.  See *Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005).  In the Tenth Circuit, a party seeking a preliminary injunction must clearly

establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.  *Id.*  Where the moving party seeks a "mandatory" injunction, one that "affirmatively require[s] the nonmovant to act in a particular way," *SCFC ILC V. Visa USA*, 936 F.2d 1096, 1099 (10th Cir. 1991), the motion "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  *Schrier*, 427 F.3d at 1261 (quoting *O Centro Espirita v. Ashcroft*, 389 F.3d 973, 975-6 (10th Cir. 2004).

### C. Analysis

As an initial matter, the Court finds that the injunctive relief sought by Plaintiff is mandatory, as opposed to prohibitory, in nature.  Plaintiff's motion clearly seeks to compel Defendants to act affirmatively to provide immediate amputation of Plaintiff's leg, rather than pursue their current course of obtaining and following the treatment recommendations of the Orthopedic Clinic.  Because Plaintiff seeks a mandatory preliminary injunction he bears the burden of showing that the

four preliminary injunction factors "weigh heavily and compelling[ly] in his favor."  *Id.* at 1259.

Turning to the merits of Plaintiff's motion, the Court concludes that Plaintiff has not satisfied the heightened standard required in this instance.  Not only are Plaintiff's factual assertions unsupported by any admissible evidence, they are clearly contradicted by the sworn declaration and medical records submitted by Dr. Garden.  Those documents show that Plaintiff is currently being evaluated by the Orthopedic Clinic to determine whether surgical debridement or amputation is the best treatment for his condition.  There is no support for Plaintiff's assertion that Dr. Rockwell, or any other doctor, has thus far recommended amputation of Plaintiff's leg.

Plaintiff's stated preference for amputation shows merely a difference of opinion regarding the best treatment for his condition.  However, it is well established that "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).  Under these circumstances the Court will "'disavow any attempt to second-guess the propriety or adequacy of a particular course of

treatment . . . [which] remains a question of sound professional judgment.'" *Gomm v. DeLand*, 729 F.Supp. 767, 779 (D. Utah 1990) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

Accordingly, Plaintiff's motion for preliminary injunctive relief is denied.

### III. Motion for Extension of Time and Appointment of Counsel

Plaintiff moves for additional time to respond to Defendants' *Martinez* report based on his medical condition. Given Plaintiff's current health problems, and the lack of any objection from Defendants, the Court finds that an extension of time is warranted.

The Court also revisits *sua sponte* the issue of appointed counsel to represent Plaintiff in this case. Although plaintiffs in civil cases generally do not have a constitutional right to counsel, *see Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995), the Court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). *See* 28 U.S.C.A. § 1915(e)(1) (West 2007). When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the

7

claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

   The Court finds that appointment of counsel for Plaintiff is necessary to allow this litigation to proceed.  It appears that Plaintiff is unable to adequately present his claims going forward due to his ongoing health problems.  Moreover, given the severity and ongoing nature of Plaintiff's injuries it appears that additional discovery and expert witness testimony may be necessary.  Accordingly, the Court will appoint counsel to represent Plaintiff on a *pro bono* basis.  Once counsel for Plaintiff has entered an appearance the Court will schedule a status conference to determine how best to proceed with this case.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for injunctive relief is **denied**;

(2) Plaintiff's motion for additional time to respond to Defendants' *Martinez* report is **granted**; and,

(3) the Court will appoint *pro bono* counsel to represent Plaintiff in this case.

BY THE COURT:

DATED this 9th day of November, 2007.

*Tena Campbell*
_____
Tena Campbell, Chief Judge
United States District Court