Mark E. Hindley (7222)
David J. Williams (9186)
Stoel Rives LLP
201 South Main Street, Suite 1100
Salt Lake City, Utah  84111
Telephone:  (801) 328-3131
Facsimile:  (801) 578-6999

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEX RAY COTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J. ANDERSON, an individual; WAYNE ASHTON, an individual; and RON MILLER, an individual,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>**CASE NO. 2:04-CV-1048-CW**<br><br>**Judge Clark Waddoups**<br><br>**Magistrate Judge David Nuffer** |

Plaintiff Alex Ray Cota hereby submits this Memorandum in Support of his Motion to Reopen Discovery.

### INTRODUCTION

This case arises out of injuries suffered by Mr. Cota as a result of the deliberate indifference of the Defendants in transporting him from California to Utah  and wholly neglecting to provide him with needed medical care upon his incarceration in Utah.  This deliberate indifference and the damages caused by it required Mr. Cota to have his leg

amputated.  Mr. Cota seeks damages for the violation of his rights that ultimately led to the loss of his leg.

The Court appointed Mr. Cota's current counsel to represent Mr. Cota on a pro bono basis and counsel entered its appearance in early March, 2009.  Since that time, counsel has had the opportunity to review the pleadings in this case and interview Mr. Cota.  In this process, counsel has determined that Mr. Cota must amend his complaint to assert claims against the parties that neglected to provide him with needed medical attention.  Nevertheless, the fact discovery period expired while Mr. Cota was represented by former counsel.  Mr. Cota, therefore, moves the Court to allow him to perform additional discovery in this case to determine the identity of the individuals that should have provided him with needed medical attention but did not and also to conduct discovery pertaining to his case.

## BACKGROUND FACTS

1.      Mr. Cota filed a pro se complaint and request for appointment of counsel on December 2, 2004.  (*See* Docket).

2.      On August 5, 2005, the Court denied Mr. Cota's request for appointment of counsel.  (*Id.*)

3.      On March 8, 2007, attorney D. Bruce Oliver filed an amended complaint on Mr. Cota's behalf naming Dr. Richard Garden M.D. and Ron Miller as individuals that failed to provide Mr. Cota with needed medical care.  (*Id.*)

4.      Mr. Oliver represented Mr. Cota until his withdrawal on May 9, 2007.  (*Id.*)

5.      On November 21, 2007 Stoel Rives LLP ("Stoel Rives") was appointed as Pro Bono counsel to Mr. Cota.  (*Id.*)

6.      On or about February 8, 2008, Stoel Rives and counsel for Defendants had a telephonic meeting pursuant to Fed. R. Civ. P. 26(f).  The parties subsequently filed an Attorneys' Planning Meeting Report on February 11, 2008.  (*Id.*)

7.      On February 15, 2008, the Court issued a Scheduling Order in this case.  In relevant part, the scheduling order stated that all fact discovery would be completed by October 1, 2008.  (*Id.*)

8.      Joshua Ellis and Mark Hindley of Stoel Rives acted as counsel for Mr. Cota until April 18, 2008 when Steven Linton was substituted as counsel.  (*Id.*)

9.      On March 5, 2008, all claims against Dr. Garden were dismissed without prejudice.  (*Id.*)

10.      Steven Linton represented Mr. Cota from April 18, 2008 until his withdrawal on January 27, 2009.  (*Id.*)

11.      During the time that Mr. Linton represented Mr. Cota, Mr. Linton apparently conducted no discovery in this case prior to the expiration of the discovery deadline.

12.      On or around February 2009, Stoel Rives was again appointed counsel to Mr. Cota.  David Williams and Mark Hindley each filed a notice of appearance of counsel on March 5, 2009.  (*Id.*)

13.      After entering its appearance, counsel for Mr. Cota conducted a telephonic conference with counsel for Defendants during which it was decided that Defendants would be allowed to take Mr. Cota's deposition and then would file a motion for summary judgment. Depending on the results of that motion, counsel would then confer regarding expert discovery. The parties filed a stipulated scheduling order to this effect.  (*Id.*)

14.     Since entering an appearance, counsel for Mr. Cota has had the opportunity to speak with Mr. Cota on several occasions and meet with him in person.  During these conversations, it has become clear that part of Mr. Cota's claim in this action is that he was injured due to the deliberate indifference and medical neglect of personnel at the Utah State Prison while he was incarcerated there.  (Declaration of David J. Williams, attached hereto as Ex. A, at ¶2).

15.     Nevertheless, with the dismissal of Dr. Garden, there are no defendants named as those allegedly responsible for that neglect and indifference.  (*Id.* at ¶4).

16.     On or about May 11, 2009, at the Court's request, Mr. Hindley sent an email to the Court discussing the costs of this case.  In that email, Mr. Hindley informed the Court that Mr. Cota may seek leave to amend his complaint.  On that same date, Mr. Hindley also spoke to counsel for Defendants regarding an amendment.  (*See* Docket).

17.     Nevertheless, without fact discovery, Mr. Cota and his counsel are unable to determine who is allegedly responsible for the neglect that resulted in the loss of Mr. Cota's leg and add those individuals as defendants in this action.  (Williams Decl. at ¶5).

18.     On May 26, 2009, counsel for Mr. Cota and counsel for Defendants discussed these issues via telephone.  In that conversation, counsel for Defendants stated that he would object to the reopening of discovery in this case.  (*Id.* at ¶6).

19.     Mr. Cota wishes to amend his complaint to add, among other, the proper party or parties from the Utah State Prison medical staff, but to do so, his newly appointed counsel needs to conduct discovery, including subpoenas, to ascertain the identities of the proper defendants. (*Id.* at ¶7).

20.     Mr. Cota also needs to conduct discovery in this case, including interrogatories, document requests and depositions to properly prosecute this case. (*Id.* at ¶8).

## ARGUMENT

### I.     The Court Should Reopen Discovery

#### A.     The Standard

Under Federal law, decisions regarding discovery matters are vested in the trial court's discretion. *See Smith v. Ford Motor Co*, 626 F.2d 784, 794 (10th Cir. 1980). The Tenth Circuit has provided factors for the trial court to consider when determining whether or not to extend or reopen discovery, including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987).

#### B.     Discovery Should be Reopened Based on the *Smith* Factors

Pursuant to *Smith*, the Court should reopen discovery to allow Mr. Cota to conduct discovery to determine the proper parties and prosecute his case. No trial date has been established in this case and, therefore, trial is not imminent. Moreover, while Defendants have stated that they will oppose this motion, there is no good reason why the discovery period should not be reopened. It is not as if Defendants were subjected to significant discovery already and, therefore, would be prejudiced by additional discovery. Rather, no discovery has been

conducted by either party in this case.[1]  Simply put, Defendants cannot point to any prejudice with regard to the reopening of discovery.

While Defendants may argue that Mr. Cota's counsel was not diligent in conducting discovery, there is no argument that Mr. Cota's current counsel lacked diligence.  Indeed, current counsel files the present motion to diligently represent Mr. Cota.  The Court should note the unique circumstances regarding Mr. Cota's representation in this case.  Mr. Cota represented himself pro se for some time after which Mr. D. Bruce Oliver took the case.  Nevertheless, due to Mr. Oliver's suspension from the Utah State Bar, Mr. Cota found himself again without counsel.  At that point, the Court appointed Joshua Ellis, with Stoel Rives, as counsel and that representation continued until Mr. Cota was released from incarceration and had his leg amputated, at which time Mr. Linton took the case.  Nevertheless, after Mr. Cota asked the Court to appoint new counsel, Mr. Linton also withdrew and after appointment by the Court, Stoel Rives (Mssrs. Williams and Hindley) entered an appearance.  It is no surprise, given the numerous attorneys that have represented Mr. Cota during this case, that the discovery did not proceed on a normal track.  Most importantly, while Defendants can point to no prejudice caused by conducting discovery in this case, Mr. Cota will certainly be prejudiced if he is unable to properly prosecute his claims.

Finally, the requested discovery will indisputably lead to admissible evidence.  According to Mr. Cota, the officers transporting him from California to Utah severely damaged his leg.  Mr. Cota was taken to the Salt Lake County Jail and immediately transported to the

---

[1]   According to counsel for defendants, Mr. Cota's deposition has been scheduled several times but never occurred.  Defendants apparently reserved the right to depose Mr. Cota despite the expiration of the fact discovery deadline.

University of Utah Medical Center where he was told that his leg was broken and that he would need surgery.  Before that surgery occurred, however, Mr. Cota was transported to the Utah State Prison and incarcerated.  While he complained numerous times daily of pain and swelling, and while his guards noticed the condition of his leg and reported this to medical personnel, nobody from the medical staff visited or examined Mr. Cota's leg for approximately 7 days.  It was during this time that the condition of Mr. Cota's leg irreversibly deteriorated.  (*See* Williams Decl. at ¶3).  In sum, but for the deliberate indifference of the Utah State Penitentiary medical staff, Mr. Cota would likely still have his leg.  Discovery, including subpoenas to the University of Utah, Salt Lake County Jail, and the Utah State Prison, will substantiate these facts and identify the individuals allegedly responsible – allowing Mr. Cota to move to amend his complaint and effectively vindicate his claims.  Moreover, discovery during the prosecution of this case, including interrogatories, document requests, and depositions, will indisputably lead to relevant evidence regarding Mr. Cota's claims and damages.

In short, when viewing the *Smith* factors in there totality, the Court should allow Mr. Cota to conduct discovery in this case.  Mr. Cota needs this discovery to properly identify defendants and prosecute his claims.  Moreover, Defendants can point to no prejudice in proceeding with discovery now.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen Discovery should be granted.

STOEL RIVES LLP

/s/ David J. Williams

Mark E. Hindley
David J. Williams

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of May, 2009, I caused to be filed a true and correct

copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO**

**REOPEN DISCOVERY** via CM/ECF, which system will notify the following via e-mail:

      David N. Wolf
      UTAH ATTORNEY GENERAL'S OFFICE
      dnwolf@utah.gov

      Peggy E. Stone
      UTAH ATTORNEY GENERAL'S OFFICE
      pstone@utah.gov

                /s/ David J. Williams