**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| ALEX RAY COTA,<br><br>             Plaintiff,<br><br>     v.<br><br>J. ANDERSON et al.,<br><br>             Defendants. | **ORDER GRANTING MOTION TO REOPEN DISCOVERY**<br><br>Case No. 2:04-CV-1048 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff, Alex Ray Cota, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (2007).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id.* 1915.  Before the Court is Plaintiff's Motion to Reopen Discovery.

### I. Background

Plaintiff requests leave to reopen discovery in order to identify the individuals at the Utah State Prison who allegedly denied Plaintiff adequate medical care.  Plaintiff filed his original pro se Complaint on December 2, 2004, naming as defendants two Utah Adult Probation and Parole ("AP&P") officers and John Does 1-10.  On March 8, 2007, Plaintiff filed an Amended Complaint with the assistance of retained counsel, Bruce Oliver.  The Amended Complaint added as defendants two Utah State Prison

medical officials, Richard Garden and Ron Miller.  Shortly after filing the Amended Complaint, however, Bruce Oliver withdrew as counsel for Plaintiff and the Court appointed Joshua Ellis, of the law firm Stoel Rives L.L.P., to represent Plaintiff pro bono.  On February 8, 2008, Mr. Ellis conferred with counsel for Defendants and agreed upon a proposed scheduling order.  The Scheduling Order was entered on February 15, 2008, setting a deadline for fact discovery of October 1, 2008.  On March 5, 2008, Mr. Ellis stipulated to the dismissal of all claims against Defendant Garden without prejudice.  Shortly thereafter, Joshua Ellis withdrew as Plaintiff's counsel and Steve Linton, with the firm Driggs, Bills and Day P.C., assumed representation of Plaintiff under a contingency fee arrangement.  Mr. Linton represented Plaintiff for approximately nine months before withdrawing on January 27, 2009, following Plaintiff's return to prison.  On March 5, 2009, Plaintiff's present counsel, David Williams and Mark Hindley of Stoel Rives L.L.P., accepted pro bono representation of Plaintiff.  Despite passage of the original discovery deadline on October 1, 2008, no discovery was ever conducted by any of the attorneys who previously represented Plaintiff.

## II. Analysis

Plaintiff asserts that reopening discovery in this case is warranted under the factors set forth in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  These factors include: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."

Addressing these factors, Plaintiff argues that discovery should be reopened because no discovery was ever conducted in this case, a trial date has not been set, substantial prejudice to Defendant is unlikely, and discovery is necessary to allow Plaintiff to fully litigate his claims.  Plaintiff relies heavily on the unusual circumstances of his legal representation thus far and argues that the failure to meet the discovery deadline was not due to any malfeasance by his current counsel.  Plaintiff also asserts that Defendant will not be substantially prejudiced by reopening discovery because he has not previously had to produce any discovery.  Finally, Plaintiff contends that discovery will undoubtedly lead to relevant, admissible evidence

concerning the causes of Plaintiff's medical complications.

Defendant opposes reopening discovery in this case based on the untimeliness of Plaintiff's motion, Plaintiff's failure to act during the agreed discovery period, the effect of reopening discovery on the Scheduling Order entered March 30, 2009, and the alleged futility of discovery at this stage.  Defendant asserts that Plaintiff "chose not to conduct any discovery during the discovery period . . . and chose not to seek to amend his Complaint or add new parties prior to the expiration of the court-imposed deadlines."  Defendant further states that Plaintiff's present counsel agreed to the most recent Scheduling Order without requesting additional discovery and only raised the discovery issue shortly prior to the scheduled date for Plaintiff's deposition.  Finally, Defendant argues that reopening discovery would be futile because Defendant has already produced evidence purportedly showing that Plaintiff's medical treatment was proper and adequate for his circumstances.

Weighing the factors set forth in *Smith*, the Court finds that reopening of discovery is justified here.  The unusual circumstances surrounding Plaintiff's legal representation offer ample justification for excusing his failure to complete discovery within the originally agreed timeframe.  While it is true that litigants are ordinarily held responsible for the

conduct of their legal counsel, that principle is largely based on the premise that they are able to voluntarily choose who will represent them.  In the present case, however, Plaintiff was appointed pro bono counsel by the Court based on his indigent status and, while the discovery deadline was looming, the case was unceremoniously handed off to another attorney who failed to meet the deadline.  Because Plaintiff appears to have had little or no say in this process he should not have to suffer the consequences.[1]

It does not appear that Defendant will suffer extreme prejudice by reopening discovery at this stage.  Defendant was undoubtedly aware, based on the stipulated dismissal without prejudice of Dr. Garden, that other defendants and claims might be added.  In addition, it appears that much of the relevant evidence in this case has already been gathered for preparation of the *Martinez* report and Dr. Garden's motion to dismiss. Finally, the Court is not convinced that discovery would be futile.

Thus, Plaintiff's motion to reopen discovery is granted.

---

[1] Defendant argues that "[t]o the extent Plaintiff believes that he was not adequately represented by any of his former counsel, he may consider filing a malpractice action against them." This argument, however, ignores the reality that Plaintiff does not have the resources to even pursue his present claims, much less an additional legal malpractice suit.

### III. Amended Scheduling Order

Based on the reopening of discovery the Court finds that an amended scheduling order must be entered in this case.  Thus, within twenty days of this Order, counsel shall meet and confer and submit the Attorneys Planning Meeting Report and Proposed Scheduling Order forms available on the Court's web site.  The proposed amended scheduling order shall include discovery limitations and deadlines and should reflect the desire of all parties and the Court to move this litigation forward expeditiously.  If counsel are unable to agree on a proposed amended scheduling order they shall immediately notify the Court and the case will be set for a scheduling conference.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Reopen Discovery **GRANTED**; and,

(2) within **TWENTY DAYS** of this Order counsel shall submit the Attorneys Planning Meeting Report and Proposed Scheduling Order forms available on the Court web site.

DATED this <u>15th</u> day of June, 2009.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge